IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHNEY LEE LAMPROE                                                                          PLAINTIFF

        v.                              Civil No. 05-5213

JUDGE WILLIAM STOREY;
STATE OF ARKANSAS;
WASHINGTON COUNTY, ARKANSAS;
LEANNA HOUSTON, Public Defender;
BILL JONES, Prosecuting Attorney                                                       DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Johney Lee Lamproe, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. Lamproe's complaint was filed in forma pauperis (IFP) subject to a later determination of whether it should be served upon the defendants.

Because the court felt more information was needed on Lamproe's claims, the undersigned by order entered on January 13, 2006 (Doc. 5), directed Lamproe to complete, sign, and return a questionnaire that would serve as an addendum to his complaint. On January 19, 2006, Lamproe filed the addendum (Doc. 6). Lamproe has also filed two supplements to the complaint (Doc. 7 & Doc. 8).

### **I. Background**

In his complaint, Lamproe alleges his federal constitutional rights were violated when he was arrested and held in the Washington County Detention Center (WCDC) for over twelve days before being taken before a judge. In his addendum, Lamproe indicates he was arrested on

-1-

February 19, 2005. *Addendum* at ¶ 1. He was charged with possession of a controlled substance, manufacturing a controlled substance, and manufacturing methamphetamine in the presence of a minor. *Id.* at ¶ 2.

These charges were the sole reason Lamproe was incarcerated. *Addendum* at ¶ 3. Lamproe maintains he was not brought before the judge for a first appearance within seventy-two hours as is required by Rule 8.1 of the Arkansas Rules of Criminal Procedure. *Id.* at ¶ 4. He contends this violated his federal constitutional rights.

Lamproe "thinks" he was arrested on a warrant for the Fayetteville City Police Department. *Addendum* at ¶ 5. However, he maintains the warrant didn't exist. *Id.*

Lamproe had a first appearance before Judge William Storey on March 1, 2005. *Supplement* (Doc. 7) at page 1. The document indicates a probable cause determination had previously been made. *Id.* Bond was set and arraignment scheduled for March 16, 2005. *Id.* *See also Addendum* at ¶ 6(B) & 6(C). When Lamproe tried to tell Judge Storey that it had taken twelve days for Lamproe to get his Rule 8.1 hearing, Lamproe states Judge Storey said he didn't care. *Id.* at ¶ 6(C).

On October 6, 2005, Lamproe plead guilty to possession of methamphetamine. *Addendum* at ¶ 7(A). Lamproe was represented by a public defender, Leanna Houston. *Id.* at ¶ 7(B). Bill Jones was the prosecuting attorney. *Id.* at ¶ 7(C). Judge Storey took the plea and sentenced Lamproe. *Id.* at ¶ 7(D).

The conviction has not been reversed, set aside, or otherwise been held to be invalid. *Addendum* at ¶ 7(E). Lamproe is currently serving a term of imprisonment on this offense. *Id.* at ¶ 7(F).

Lamproe named Washington County as a defendant because he was charged in the Circuit Court of Washington County and detained at the WCDC. *Addendum* at ¶ 8. He named the State of Arkansas as a defendant because Judge Storey "represents the State of Arkansas and he did not get [Lamproe] a[] 8.1 hearing within the legal time." *Id.* at ¶ 9.

As relief, Lamproe wants his criminal conviction reversed and to be released. *Complaint* at page 4. He also requests compensatory and punitive damages. *Id.*

## II. Discussion

The United States Supreme Court has held that the Fourth Amendment requires a prompt judicial determination of probable cause "as a prerequisite to an extended restraint on liberty following an arrest without a warrant."[1] *Wayland v. City of Springdale*, 933 F.2d 668, 670 (8th Cir. 1991)(*citing Gerstein v. Pugh*, 420 U.S. 103, 126, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975)). The detention should last "only for as long as it takes to process the administrative steps incident to arrest." *United States v. Davis*, 174 F.3d 941, 944 (8th Cir. 1999)(internal quotation marks and citation omitted).

Generally, the Supreme Court has held that promptness in this context requires that a suspect be brought before a magistrate within forty-eight (48) hours of a warrantless arrest. *County of Riverside v. McLaughlin*, 500 U.S. 44, 56-57, 111 S. Ct. 1661, 114 L. Ed. 2d 49 (1991). *See also United States v. Davis*, 174 F.3d 941 (8th Cir. 1999); *United States v. Van Metre*, 150 F.3d 339, 348 (4th Cir. 1998)(*citing Gerstein*, 420 U.S. at 116 n. 18 (noting that a hearing is unnecessary when an arrest is made pursuant to a warrant)). "Where an arrested individual does not receive a probable cause determination within 48 hours," the government has

---

[1] As noted above, Lamproe contends that although he was told there was a warrant for his arrest one did not exist.

the burden of demonstrating "the existence of a bona fide emergency or other extraordinary circumstance." *McLaughlin*, 500 U.S. at 57.

In this case, Lamproe has named as defendants Judge William Storey, the State of Arkansas, Washington County, his public defender, Leanna Houston, and Bill Jones, the prosecuting attorney. Many of these claims are subject to dismissal.

First, Judge William Storey is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984)). "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No.

AO72A
(Rev. 8/82)

104-317, Title III § 309(c), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects." *Nollet*, 85 F. Supp. 2d at 210. As amended by the FCIA § 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Lamproe does not allege that either of these prerequisites for injunctive relief are met. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable). Thus, to the extent Lamproe seeks injunctive relief his claims are subject to dismissal.

Second, Lamproe's claims against the State of Arkansas are barred by the Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. Missouri,* 973 F.2d 599, 599 -600 (8th Cir. 1992) *(citing Papasan v. Allain,* 478 U.S. 265, 276, 106 S. Ct. 2932, 2939, 92 L. Ed. 2d 209 (1986)). "'This bar exists whether the relief sought is legal or equitable.'" *Id.* (*quoting Papasan*, 478 U.S. at 276). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was

to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991)(*citing Quern v. Jordan,* 440 U.S. 332, 342, 99 S. Ct. 1139, 1146, 59 L. Ed. 2d 358 (1979)).

Third, Leanna Houston is not subject to suit under § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). Houston was not acting under color of state law while representing Lamproe in his criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (public defender does not act under color of state law when performing traditional functions as counsel).

Fourth, Lamproe's claims against Bill Jones are subject to dismissal. In *Webster v. Gibson*, 913 F.2d 510 (8th Cir. 1990), Anthony Webster contended his constitutional rights were violated when he was arrested and held for a period of forty-five days before receiving a judicial determination of probable cause under *Gerstein v. Pugh*, 420 U.S. 103, 126, 95 S. Ct. 854, 869, 43 L. Ed. 2d 54 (1975). Webster sued the prosecutor, the sheriff, and a deputy sheriff.

The district court dismissed the entire action. On appeal the Eighth Circuit affirmed the dismissal as to the prosecuting attorney and the deputy sheriff who was the arresting officer. *Webster*, 913 F.2d at 512. The prosecuting attorney was held to be absolutely immune from a claim for damages. *Id.* at 513-14. In this case, based on Lamproe's allegations it is clear the defendant prosecuting attorney is entitled to absolute immunity. *See also Brodnicki v. Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

AO72A
(Rev. 8/82)

Fifth, to the extent Lamproe challenges his conviction and incarceration pursuant to his conviction, his claims are barred. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.

### III. Conclusion

Accordingly, I recommend that the following claims be dismissed: (1) all claims against Judge William Storey; (2) all claims against the State of Arkansas; (3) all claims against Leann Houston; (4) all claims against Bill Jones; and (5) his false incarceration claims. These claims are subject to dismissal on the grounds they are frivolous, fail to state claims upon which relief can be granted, and because Lamproe has sued defendants who are absolutely immune from suit under these circumstances. *See* 28 U.S.C. § 1915(e)(2)(B)(i)- (iii) (in forma pauperis action may be dismissed on such grounds at any time).

By separate order the undersigned will add Tim Helder, the Washington County Sheriff, as a defendant and will direct service on him.

**Lamproe has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Lamproe is**

AO72A
(Rev. 8/82)

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of February 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)